TIDEWATER COAL EXCHANGE, Inc., v. NEW AMSTERDAM CASUALTY CO.

District Court, D. Delaware. July 16, 1926.

No. 4.

See, also, 20 F.(2d) 951.

Ward & Gray, of Wilmington, Del., for plaintiff.

Charles F. Curley, of Wilmington, Del., for defendant.

MORRIS, District Judge. ▮ Under the facts now set out in the declaration, I think it obvious that the purpose of the bonds sued upon was, to use the language of one of the rules of the exchange, "to guarantee the credits extended" in money and property by the exchange to its members, of whom Coale & Company, Inc., the principal in the bonds, was one. Credits in property, coal, were extended by the exchange to Coale & Co. Its debits for the coal so obtained were not made good on the demand of the exchange. This suit is a proceeding upon its bonds to cover, among other things, its defaults in this respect. While it may be true that language more aptly expressing the intention of the parties might possibly have been used in the bonds, yet, in the light of the facts pleaded, I think the intention of the parties is clear, and that, since the words of the bonds are not such as to forbid it, the condition of the bonds must be construed so as to effectuate and carry into operation the clear intention of the parties.

To recover upon the bonds so construed, it is not necessary for the plaintiff to show that the general property in the coal advanced to the principal in the bonds was in the exchange. The facts alleged in the declaration are adequate to show in the plaintiff a complete cause of action upon the bonds for the full value of the coal, regardless of the whereabouts of the legal title to the coal, not its own, obtained by the principal in the bonds from the exchange. 1 Chitty on Pleading, *9; Home Insurance Co. v. Baltimore Warehouse Co., 93 U. S. 527, 543, 23 L. Ed. 868; Knight v. Davis Carriage Co., 71 F. 662, 669 (C. C. A. 5). Consequently, as I view the matter, the facts set up in the inducement to the first plea—4(a)—show no defense to the cause of action sued upon. The demurrer to that plea must be sustained.

▮ With respect to the second plea demurred to—4(b)—I think that a debt in money from the principal in the bonds to the exchange came into existence upon the breach of the condition of the bonds, and that there was a breach of the condition when the principal in the bonds failed to save and keep harmless and indemnify the exchange for the coal advanced by the exchange to the principal in the bonds. Whether the amount now sued for should be reduced by reason of credits to which the principal in the bonds may be entitled is a question not involved in the disposition of the demurrer to this plea. The hotchpotch rules of the exchange cannot, in my opinion, be read into the condition of the bonds by implication. It should, of course, not be overlooked that in the New York cases relied upon by the defendant the exchange there referred to was an unincorporated association of persons, while here the exchange is a corporation.

Moreover, in those cases the duties and obligations of the members of the association were ascertainable solely from the general rules of the exchange, while in the suit at bar the obligations of Coale & Co. and the obligations of the defendant, its surety, are fixed by the terms of the bonds sued upon.

The demurrer to the second plea must likewise be sustained.